MASDA REALTY CORPORATION *v*. THE NAME REALTY CORPORATION ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 8—decided November 12, 1963

*Carlos B. Ellis,* for the appellant (plaintiff).

*Irwin D. Mittelman,* for the appellee (named defendant).

ALCORN, J.  The plaintiff brought this action to recover damages for breach of contract.  It alleged in its complaint that on May 29, 1959, the defendants, The Name Realty Corporation and Floyd Randall, had contracted with the plaintiff, for a price of $14,500, to do all the concrete form work on a building to be erected on land owned by the plaintiff.  In response to the defendants' motion for oyer, the plaintiff filed the written contract declared on, and the defendants admitted the contract.  The plaintiff also alleged, and the defendants admitted, that the

work had been partially completed and that the plaintiff had paid the corporate defendant $6000 on account of the contract price. The complaint then alleged particulars in which the plaintiff claimed the defendants had broken the contract, on the basis of which the plaintiff claimed to be entitled to damages, and these allegations were denied by the defendants. In addition to denying these allegations, the defendants pleaded two special defenses: first, that Randall acted in the transaction as an agent for the corporate defendant and not as an individual; second, that the errors and deficiencies in the construction work claimed by the plaintiff were due to modifications and changes directed by the plaintiff or its representatives. In addition to interposing the special defenses, the corporate defendant counterclaimed to recover the balance due on the contract price and compensation for extra services performed at the request of the plaintiff and not covered by the contract. The counterclaim alleged that the corporate defendant had contracted with the plaintiff under the contract which the plaintiff had relied on in its complaint. The plaintiff, having alleged the contract in its complaint, nevertheless, denied it in its answer to the counterclaim.

The case went to trial on the issues thus framed by the complaint and counterclaim. After the trial was completed, the plaintiff withdrew its action against Randall. The court found the issues for the corporate defendant on the complaint and on the counterclaim and awarded damages for substantial performance of the contract and for the extra services performed.

The memorandum of decision, which we may consult for a better understanding of the basis of the

court's decision; *Hirsch* v. *Thrall,* 148 Conn. 202, 206, 169 A.2d 271; indicates that the court found a written contract between the parties, that the defendant performed satisfactorily under the supervision of the plaintiff and was paid for the work done until July 10, 1959, and that the defendants then quit the job because the plaintiff demanded changes in the work for which it refused to pay. The court further concluded that a part of the work under the contract, namely, the pouring of the basement floor, was not then completed and that the fair cost of doing that work would amount to $1575. The court then awarded damages, basing its award on a substantial performance of the contract and the extra work done by the corporate defendant but allowed the plaintiff credit for the necessary expense of completing the pouring of the basement floor. The plaintiff appeals only from the portion of the judgment which finds in favor of the corporate defendant on the counterclaim.

The assignment of errors is confined to an attack on the finding. The plaintiff has filed no appendix to its brief. The request that facts be added to the finding is ineffective because many of them are not pursued in the brief and those which are pursued are not supported by an appendix. We do not examine the transcript of testimony in search of evidence, if any, which supports a requested finding which the trial court refused to make. *Vitale* v. *Gargiulo,* 144 Conn. 359, 362, 131 A.2d 830. The only assignments of error which present issues on this record are the one which attacks the court's finding of the subordinate fact that the plaintiff contracted with the corporate defendant for the work, and the one attacking the court's conclusion from the subordinate facts that the corporate de-

fendant is entitled to recover on its counterclaim the amount found due. The issues raised by the assignment of error in the court's action in overruling the plaintiff's claims of law are interrelated with, and can be passed on as an incident to the determination of, the two principal issues.

We consider first the attack on the court's finding, as a subordinate fact, that the plaintiff made a written contract with the defendant. As already indicated, the plaintiff filed no appendix and consequently presented no evidence to contradict this finding. The defendant, on the other hand, has filed an appendix in which evidence adequately supporting this finding appears. *LaVoie* v. *Marshall*, 141 Conn. 681, 685, 109 A.2d 508. We note further the plaintiff's curiously inconsistent position concerning the court's finding of the existence of the contract. In the first place, four of the plaintiff's six claims of law are based on the assumption that there was a contract. In the second place, the plaintiff, in its brief, expressly states that the "extras" are not disputed on the appeal. Inasmuch as the "extras" found by the court were items found to be in excess of the work to be done under the contract, the plaintiff must necessarily concede the existence of the contract in order to acknowledge the "extras." The plaintiff's inconsistency in now insisting that no contract existed presents an enigma which defies a rational solution.

We turn then to the court's conclusion as to the amount which the defendant is entitled to recover. This amount was arrived at by deducting from the contract price of $14,500 the $6000 found to have been paid by the plaintiff and the $1575 found to be the plaintiff's reasonable cost of completing the work which the defendant had left undone under

the contract, and then adding, to the net figure thus arrived at, the reasonable value of the extra services found to have been rendered by the defendant, with interest. This conclusion is adequately supported by the subordinate facts in the finding. Since the plaintiff does not dispute the "extras," and since their value was arrived at on a quantum meruit basis, the plaintiff's attack on the court's conclusion as to the amount due becomes only an attack on the portion of the award which is based on the amount due under the contract and thus, in substance, again asserts only that there was no contract.

There is no merit to the plaintiff's only remaining claim of law that if the court should find that the contract fails to specify the work to be done, the manner of doing the work, the materials to be used, the specifications to be followed and the time for commencing and completing the work, then no contract in fact existed.

There is no error.

In this opinion the other judges concurred.