GARY EXCAVATING, INC. *v.* TOWN OF NORTH HAVEN ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 10—decided November 29, 1972

*John W. Barnett,* with whom, on the brief, was *Basil R. Duncan,* for the appellants (defendants).

120

*Howard F. Zoarski,* for the appellee (plaintiff).

LOISELLE, J. Pursuant to the provisions of § 52-410 of the General Statutes, the plaintiff applied for an order directing the defendants to proceed with the arbitration of alleged disputes concerning the release of moneys held as retainage by the defendants, additional costs incurred through the defendants' misrepresentation of conditions, and extras. The plaintiff claimed that these disputes were arbitrable under the provisions of the contract. While admitting that the claims had been made, the defendants denied that they had refused to comply with the requirements for arbitration and they pleaded specially that the demands for arbitration did not comply with the procedural prerequisites for arbitration and, therefore, the claims were not arbitrable. In addition, the defendants pleaded that one of these claims was barred by the doctrine of res judicata. The court ordered the defendants to proceed with arbitration and the defendants have appealed from the judgment.

The conclusions reached by the court appear inconsistent. The court first found that the plaintiff had complied with the contract in presenting claims and had properly demanded arbitration but then concluded that the "alleged defenses of the defendant of time limitations, waivers, . . . [and] reasonable time are all issues necessarily involved in the decision of the arbitrators. ... . [W]hether the present disputes are arbitrable is for the arbitrators under the contract." "While the memorandum of decision cannot supplant the finding, we may consult the memorandum for a better understanding of the basis of the court's decision. *Murphy* v. *Murphy,* 143 Conn. 600, 602, 124 A.2d 891; *Murphy* v. *Dantowitz,*

142 Conn. 320, 324, 114 A.2d 194; Maltbie, Conn. App. Proc. § 152." *Hirsch* v. *Thrall,* 148 Conn. 202, 206, 169 A.2d 271; see also *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855; *Masda Realty Corporation* v. *Name Realty Corporation,* 151 Conn. 204, 206, 195 A.2d 559. The memorandum of decision clearly demonstrates that under the court's interpretation of the contract it was for the arbitrators to determine whether a dispute was arbitrable and the court granted the plaintiff's application on that ground alone. The primary issue presented by the defendants' appeal is whether the court erred in concluding that under the contract the arbitrability of the disputes presented by the plaintiff was a question for the arbitrators rather than for the court.

The defendants' attack on the findings of fact presents no novel questions and does not warrant extended discussion. Five paragraphs of the finding are attacked as being found without evidence. Four of these paragraphs find support in the appendix to the plaintiff's brief, while the fifth paragraph properly constitutes a conclusion; see *Buckley* v. *Webb,* 143 Conn. 309, 315, 122 A.2d 220; and viewed as a conclusion is consistent with the facts found. Finally, since the defendants have failed to comply with the proper procedure for supporting their claim for inclusion in the finding of eleven paragraphs of the draft finding, no addition will be made. *Stoner* v. *Stoner,* 163 Conn. 345, 347, 307 A.2d 146; *Barnini* v. *Sun Oil Co.,* 161 Conn. 59, 60, 283 A.2d 217.

"Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." *Gores* v. *Rosenthal,* 150 Conn. 554, 557, 192 A.2d 210. Legal as well as factual disputes may

be designated by the contract to be within the purview of the arbitrators; *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.*, 148 Conn. 192, 197, 169 A.2d 646, *Colt's Industrial Union* v. *Colt's Mfg. Co.*, 137 Conn. 305, 307, 77 A.2d 301; but arbitration and its scope remain dependent on the contract. The courts are empowered to direct compliance with the provisions of arbitration agreements, but no one may be compelled to arbitrate a dispute outside the scope of the agreement, which constitutes the charter of the entire arbitration proceeding and defines and limits the issues to be decided by the arbitrators. *Gores* v. *Rosenthal,* supra; *Amalgamated Assn.* v. *Connecticut Co.*, 142 Conn. 186, 191, 112 A.2d 501.

In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitrators. *A. Sangivanni & Sons* v. *F. M. Floryan & Co.*, 158 Conn. 467, 262 A.2d 159.

At issue here is whether compliance with the contract procedures for filing claims and demanding arbitration is a condition precedent which must be found by the court before arbitration can be ordered. In a similar case wherein the defendant claimed that the plaintiff was not entitled to arbitration because a ruling by the architect required by the contract had not been sought and also because the claim had not been presented within one year of completion as required in the contract, this court noted that "[w]hether the arbitrability of a dispute is a question for the court or for the arbitrators depends upon the language of the contract." *College Plaza, Inc.* v. *Harlaco, Inc.*, 152 Conn. 707, 206 A.2d 832.

The contract language in that case provided that "[a]ny disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration." Under such broad and all embracing language the question of what was subject to arbitration was for the arbitrators themselves. *College Plaza, Inc.* v. *Harlaco, Inc.*, supra; *Gores* v. *Rosenthal*, supra.

The contract between the parties in the present case demonstrates similarly a broad intention to submit disputes to the arbitrators. Section 120 of the contract between the parties provides that *all* claims and disputes arising under the contract or its interpretation shall be presented to the defendants for decision within ten days of the commencement of the dispute and if any claim is not presented within the ten-day period it will be deemed to have been waived. It is further provided, however, that if the contractor does not agree with *any* decision of the defendant sewer commission, a local public agency, it may then demand arbitration. The demand for arbitration must be in writing and delivered within ten days of the receipt of the decision although if no decision has been made within a reasonable time, arbitration may be demanded as if the decision had been rendered. Nowhere does the contract affirmatively state that failure to comply with these procedures for notice of claims or demand for arbitration will operate as a bar to arbitration. See *Matter of Wilaka Construction Co. (New York City Housing Authority)*, 17 N.Y.2d 195, 216 N.E.2d 696; *Matter of Board of Education (Heckler Electric Co.)*, 7 N.Y.2d 476, 166 N.E.2d 666. Since the contractor could demand arbitration of any decision of the local public agency, it could demand to arbitrate a conclusion by the local public

agency that it had waived claims or failed properly to demand arbitration. Section 120 (f) of the contract appoints the arbitrators "judges of all matters of law and fact relating to both *the subject matters* of and procedure during arbitration." (Emphasis supplied.) This clause appears consistent with an intention to leave to the arbitrators the determination of the arbitrability of claims. The arbitration clause is broad enough to delegate the issue of procedural timeliness to the arbitrators.

In *Frager* v. *Pennsylvania General Ins. Co.*, 155 Conn. 270, 231 A.2d 531, the issue whether a prerequisite to arbitration was arbitrable was fully discussed. There the agreement for arbitration was restricted to that part of the insurance contract relating to collisions with uninsured motorists. A-416 Rec. & Briefs 17. In the *Frager* case, until it was established that the vehicle involved was an "uninsured automobile," that part of the contract concerning uninsured motorists and including the arbitration provisions did not become operative. In the present case the arbitration clause applied to any decision of the local public agency and there is no clear statement that the right to arbitration was conditioned or dependent on timely notice or timely demand.

There is authority, in labor disputes, at least, for the policy that questions of timeliness as well as notice requirements are construed as matters to be referred to arbitration on the ground that these questions do not arise in a vacuum but rather develop in the context of actual disputes and are often intertwined with the merits of the disputes. Presentation of these issues to the courts serves only to delay the arbitration process and often produces duplication of effort. See *John Wiley & Sons, Inc.*

v. *Livingston*, 376 U.S. 543, 557, 84 S. Ct. 909, 11 L. Ed. 2d 898; *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America* v. *Folding Carrier Corporation*, 422 F.2d 47, 49 (10th Cir.). While the reasoning in these labor cases may be useful in construing doubtful contract provisions, the agreement between the parties remains the focal point for determining whether timeliness and notice requirements are matters for arbitration. *A. Sangivanni & Sons* v. *F. M. Floryan & Co.*, supra, 471.

Failure to follow the steps agreed on as prerequisites to the right to arbitration may bring about waiver; *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 110 A.2d 464; but in the present case, by virtue of the broad scope of § 120 of the contract, the appropriate body to hear claims regarding procedural prerequisites to arbitration must be the arbitration panel.

The assignments of error relating to the issue of extrinsic delay in demanding arbitration and the res judicata effect of an earlier arbitration decision are both within the scope of the delegation of authority to the arbitrators to act as judges of all questions of law and fact relating to the subject matters of arbitration. The parties cannot now restrict the broad sweep of this grant of power.

The court's ultimate decision ordering arbitration is correct and the arbitrators must now determine on the basis of the authority given to them by the contract the questions of the procedural requisites for arbitration raised by the defendants as well as other issues presented by the parties.

There is no error.

In this opinion the other judges concurred.