[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
APPLICATION TO VACATE ARBITRATION.
The plaintiffs, John Colleran and Thomas Donegan bring this application to vacate an arbitration award in which the plaintiffs were named as respondents in a demand for arbitration dated March 29, 1990. The plaintiffs, in support of the application to vacate state that they CT Page 1957 were not given notice of an arbitration hearing which was held on September 27, 1990.
"Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." Gary v. Excavating Inc. v. Town of North Haven, 164 Conn. 119, 121 (1972). "Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitration through their submissions, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes 52-418." American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 185 (1987).
The plaintiffs, although named in the demand for arbitration, were not present or represented at the arbitration hearing and cannot be considered parties to the arbitration within the meaning of Conn. Gen. Stats. 52-418 and 52-420. However, Conn. Gen. Stat. 52-413 provides in relevant part:
 The arbitrators to an arbitration matter shall appoint a time and place for the hearing and notify the parties thereof. Upon the application of either party and for good cause shown, the arbitrators shall postpone the time of the hearing. . . . (Emphasis added).
On February 27, 1990, in a hearing in front of the court (Pickett, J.) the parties, in oral argument, conceded that the plaintiffs were not notified of the arbitration hearing on September 27, 1990. The defendant claims that the plaintiffs were aware of the arbitration hearing by reason of correspondence attached. This argument is analogous to saying that a writ which names a party but is not served is effective if a defendant is put on notice by writing the court location and return date. Such a claim would obviously fail in view of the express language of General Statute 52-45a.[1] There is no more reason to ignore the mandate of General Statute 52-413 than to fail to follow 52-45a. See Hillman v. Greenwich, 217 Conn. 520, 524.
Accordingly, the application to vacate the arbitration award is granted.
PICKETT, J.