DENNIS WHITE *v.* PHILIP KAMPNER ET AL.
(11294)

DALY, HEIMAN and FREEDMAN, Js.

Argued January 13—decision released April 20, 1993

*Joseph A. Mengacci,* for the appellant (plaintiff).

*Stewart I. Edelstein,* for the appellees (defendants).

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court denying his application for an order to confirm an arbitration award and granting the defendants'[1] application to vacate the arbitration award. The plaintiff contends that the trial court improperly disturbed the arbitrator's decision regarding the arbitrability of the dispute. We agree and reverse the judgment of the trial court.

The following facts are relevant to this appeal. On August 27, 1990, the plaintiff, the defendants and Jeffrey Larson entered into two separate contracts, a management contract and a purchase contract. These contracts set forth conditions under which the plaintiff and Larson were to manage and to have an option to purchase State Paint, Inc., a business owned by the defendants. Each contract contains two provisions of importance to this case, a mandatory negotiation provision[2] and an arbitration provision.[3]

---

[1] In addition to the named defendant, Helen Kampner is a defendant and a party to this appeal.

[2] In nearly identical language, the management contract and the purchase contract have the following "mandatory negotiation" provision: "[The parties] agree that they will attempt to negotiate in good faith any dispute of any nature arising under this [agreement]. *The parties shall negotiate in good faith at not less than two negotiation sessions prior to seeking any resolution of any dispute under the [arbitration provision] of this [agreement].* Each party shall have the right to legal representation at any such negotiation session." (Emphasis added.)

[3] In nearly identical language, the management contract and the purchase contract have the following "arbitration" provision: *"Any dispute or question arising under the provisions of this [agreement] which has not been resolved under [the mandatory negotiation provision] shall be determined by arbitration* before one (1) arbitrator appointed by the American Arbitration Association. Arbitration proceedings shall occur at a neutral location in Waterbury, Connecticut, and shall be conducted in accordance with the rules then applicable of the American Arbitration Association. *The decision of the arbitrator shall be final* and may be entered in any court having jurisdiction thereof. Each party shall pay one-half of all costs and expenses of such arbitration." (Emphasis added.)

In December, 1990, the defendants dismissed the plaintiff from his management position, alleging that he had stolen money from the business. The plaintiff demanded arbitration pursuant to the contracts. The defendants objected to the arbitration of the dispute, both before and during the hearing before the arbitrator, on the ground that the mandatory negotiation sessions had not taken place. After a hearing, the arbitrator found the issues for the plaintiff and ordered damages and other relief pursuant to the demand for arbitration. Although the arbitrator's award did not specifically address the issue of arbitrability, the arbitrator concluded that "[t]his award is in full and final settlement of any and all claims submitted to this arbitration."

After the plaintiff filed his application to confirm the arbitration award, the defendants sought to vacate the award pursuant to General Statutes § 52-418[4] on the ground that the dispute was not arbitrable due to the parties' failure to negotiate as required by the contracts. See footnote 2, supra. The trial court found that the question of arbitrability had not been waived by the defendants and that it had been submitted to the arbitrator.[5] The trial court then reviewed the evidence, both testimonial and documentary,[6] presented to it regard-

[4] General Statutes § 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[5] In fact, the trial court found that the parties "agreed at the conclusion of the arbitration hearing to submit their correspondence to the arbitrator so that the arbitrator could decide the issue or arbitrability."

[6] The proceedings before the arbitrator were not recorded.

ing the reasons for the failure of the parties to conduct face-to-face negotiations concerning the dispute. Despite correspondence and numerous conversations between their attorneys, the parties never met face-to-face to discuss the matter prior to arbitration. The trial court found that "while the contract calls for two negotiation sessions . . . not even one negotiation session has ever occurred in this case." After further finding that "the contractual requirement of two negotiation sessions was never waived by the [defendants]," the trial court concluded that "[i]t is very clear from the contracts that the occurrence of two negotiation sessions was a condition precedent to arbitration . . . [and that] until negotiation has been pursued, or some sufficient reason is given for not pursuing it, no arbitration can occur." Consequently, the court found that "the award was in violation of the parties' agreement" and vacated the award. This appeal followed.

There is no doubt that the arbitrability of the dispute between the parties is the central issue in this appeal. The resolution of this issue, however, must turn on the question of whose province it is to determine arbitrability—the arbitrator's or the court's?

"The authority of an arbitrator to adjudicate the controversy is limited only if the agreement [between the parties] contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." *Garrity* v. *McCaskey,* 223 Conn. 1, 5, 612 A.2d 742 (1992); *Carabetta Builders, Inc.* v. *Hotz Corporation,* 30 Conn. App. 157, 160, 619 A.2d 13 (1993). "Arbitration is a creature of contract. It is the province of the parties to set the limits of the authority of the arbitrators, and the parties will be bound by the limits they have fixed. . . . Whether the parties have agreed to submit to arbitration not only the merits of the dispute but the very question of arbitrability, as well, depends upon the

intention manifested in the agreement they have
made. . . . The intent to submit the question of
arbitrability to an arbitrator may be demonstrated in
an agreement by an express provision or by use of
broad terms." (Citations omitted; internal quotation
marks omitted.) *Turner Construction Co.* v. *Eppoliti,
Inc.,* 28 Conn. App. 139, 142–43, 609 A.2d 1064 (1992).
"In apportioning, between the court and the arbitra-
tors, the responsibility for determining which disputes
are arbitrable, the language of the contract controls
and determines whether the arbitrability of a dispute
is for the court or the arbitrators." *Gary Excavating,
Inc.* v. *North Haven,* 164 Conn. 119, 122, 318 A.2d 84
(1972).

Here, the contracts provide for arbitration of "[a]ny
dispute or question arising under the provisions of [the
contracts] which has not been resolved [through the
mandatory negotiation procedure]." The parties' intent
to have the question of arbitrability decided by an arbi-
trator is reflected not in the express terms of their
agreements but in the broad language of the arbitra-
tion clause of their contracts. See *Turner Construction
Co.* v. *Eppoliti, Inc.,* supra, 144. The contract contains
no exclusionary language removing the question of
arbitrability from the arbitrator's domain. See id.
Nowhere does the contract affirmatively state that fail-
ure to comply with the mandatory negotiation provi-
sion will operate as a bar to arbitration. See *Gary
Excavating, Inc.* v. *North Haven,* supra, 123. Under
such circumstances, we conclude that "the above all-
inclusive language of the agreement requires a deter-
mination that the parties intended the question of
arbitrability to be determined by the arbitrators."
*Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn.
102, 105, 438 A.2d 1171 (1981).

"[B]y virtue of the broad scope of [the arbitration
clause] of the contract[s], the appropriate body to hear

claims regarding procedural prerequisites to arbitration must be the arbitration panel." *Gary Excavating, Inc.* v. *North Haven,* supra, 125. In the present case, the arbitrator resolved the issue in favor of arbitrability. See *Costello Construction Corporation* v. *Teamsters Local 559,* 167 Conn. 315, 320–21, 355 A.2d 279 (1974). In *East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* 206 Conn. 643, 656–57, 539 A.2d 125 (1988), our Supreme Court concluded that a trial court may not substitute its own findings regarding whether a party met a procedural precondition to arbitration for those of the arbitrator when the arbitrator is contractually empowered to decide the question of arbitrability. Likewise, in *Turner Construction Co.* v. *Eppoliti, Inc.,* supra, we recently determined that, when the issue of arbitrability is contractually committed to the arbitrator, the question of whether the contractual preconditions to arbitration have been satisfied is properly left by the trial court to the arbitrator. Because the resolution of the question of arbitrability in this case was committed by the parties' agreement to the arbitrator, the trial court should not have determined whether it agreed with the arbitrator's conclusion regarding the arbitrability of this dispute. *East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* supra. Thus, whether there was a precondition to arbitration, whether that precondition was met or whether that precondition was waived, were all matters for the arbitrator to decide.

"[W]hen arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. . . . If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. . . . Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see

whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission. . . ." (Citations omitted; internal quotation marks omitted.) *Bodner* v. *United Services Automobile Assn.,* 222 Conn. 480, 487–88, 610 A.2d 1212 (1992). Here, the award conforms to the submission. The defendants believe, as did the trial court, that the arbitrator should have arrived at a different conclusion regarding the question of arbitrability. "It is clear [however] that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results." *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 187, 530 A.2d 171 (1987); see also *East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* supra. "An award will not be vacated on the ground that the construction placed on the facts or the interpretation of the agreement by the arbitrator was erroneous." *Cashman* v. *Sullivan & Donegan, P.C.,* 23 Conn. App. 24, 27, 578 A.2d 167, cert. denied, 216 Conn. 821, 581 A.2d 1054 (1990). Since no proper grounds for vacating the award are presented; see *Garrity* v. *McCaskey,* supra, 6; *Carabetta Builders, Inc.* v. *Hotz Corporation,* supra, 161; see also General Statutes § 52-418 (a); the trial court improperly vacated the award and improperly failed to confirm the award.

The judgment is reversed and the case is remanded with direction to render judgment granting the plaintiff's application to confirm the arbitration award and denying the defendants' application to vacate or correct the arbitration award.

In this opinion the other judges concurred.