[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are cross motions by the plaintiff to confirm an arbitration award and by the defendant to vacate the award. On May 22, 1989 the plaintiff, Alaimo Excavators Blasters, Inc., a blasting subcontractor, entered into a contract with the defendant Testa Excavating Co., Inc. as general contractor for a project in Milford. Section 13.1 of the construction contract stated: "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration . . . in accordance with Construction Industry Arbitration Rules of the American Arbitration Association. Section 13.5 of the contract also provides that: "[t]he award rendered by the arbitrators shall be final . . ."
A dispute arose regarding payment, and on October 25, 1991 the plaintiff made a demand for arbitration on the basis that the defendant "has failed to pay the claimant for blasting work performed." An arbitration hearing was held at the offices of the American Arbitration Association, and on August 27, 1992 the arbitrator entered an award in favor of the plaintiff for $50,730 plus costs.
The basis of the defendant's motion to vacate the award is that the arbitrator stated in his decision "[t]his award is in full and final settlement of any and all claims submitted to this Arbitration." The defendant claims that these words mean that the arbitrator did not render a decision on the basis of the evidence, but rather that his CT Page 4741 recommendation represented a settlement or compromise figure and therefore exceeded his powers. General Statutes 52-418(a)(4).
In ruling on a motion to confirm or vacate an arbitration award pursuant to General Statutes 52-418, certain well known principles must be considered. As the Appellate Court said in Total Property Services of New England. Inc. v. Q.S.C.F., Inc. 30 Conn. App. 580,585-86, 621 A.2d 316 (1993), arbitration is the "voluntary submission . . . of an existing or future dispute to a disinterested person or persons for final determination . . ." and therefore "[t]he autonomy of voluntary submission to arbitration requires a minimum of judicial intrusion." The submission to arbitration was unrestricted and hence judicial review "is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, this award conforms to the submission . . . It is clear [however] that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results." (Citations omitted; internal quotation marks omitted.) White v. Kampner, 31 Conn. App. 73, 78-79, ___ A.2d ___ (1993).
The defendant's argument about a settlement and compromise are rejected because I believe that the arbitrator was indicating that his recommended award of $50,730 was meant to settle all disputes between the parties, not that this figure represents some kind of settlement or compromise between the plaintiff and the defendant. In other words, I believe the defendant's interpretation of "settlement" in the arbitrator's decision is strained and incorrect. Therefore, the motion (#119) of the plaintiff to confirm the award is granted and the defendant's motion (#120) to vacate the award is denied.
So Ordered.
Dated at Stamford, Connecticut, this 13th day of May, 1993.
William B. Lewis, Judge