METROPOLITAN DISTRICT COMMISSION *v.* AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, COUNCIL 4, LOCAL
3713 (1303-101)
(12572)

DUPONT, C. J., and HEIMAN and SCHALLER, Js.

Argued March 29—decision released July 22, 1994

*J. William Gagne, Jr.,* with whom, on the brief, was *Harry B. Elliott, Jr.,* for the appellant (defendant).

*Anthony J. Palermino,* with whom, on the brief, was *Gary R. Atkinson,* for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the judgment of the trial court vacating an arbitration award pursuant to General Statutes § 52-418. The defendant claims that the trial court improperly granted the application to vacate the award by independently interpreting a provision of the collective bargaining agreement between the parties.[1] We reverse the judgment.

The following facts are relevant to this appeal. The plaintiff and the defendant were parties to a collective bargaining agreement. Article four of the agreement, entitled "Promotion, Transfers, Vacancies," sets forth the procedures for posting a position. On November 8

---

[1] We do not address the issue raised by the plaintiff as an alternative ground for affirmance. The plaintiff claimed on appeal that its posting of the position on December 3, 1990, was a proper exercise of management rights. In its memorandum of decision, the trial court disposed of the case on the ground that the arbitrators had failed to construe paragraph 4.16 of the collective bargaining agreement, and the court did not discuss the issue of the proper exercise of management rights. The trial court did not rule on this alternate ground. In *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 599, 546 A.2d 879 (1988), this court placed the burden on the defendant-appellee to provide an adequate record for our review of an apparent alternate ground for affirmance that the trial court had not addressed in its memorandum of decision. "[W]e find fatal the defendant's failure to request an articulation pursuant to Practice Book § 4051 regarding the trial court's disposition of this claim at trial. Without a clear finding by the trial court of the facts which underlie the defendant's claim, we do not know the true nature of the issue we are asked to review. The defendant has clearly failed to carry his burden in properly presenting a claim for our review." Id. The plaintiff did not file a motion for articulation. We also note the following authors' comment to Practice Book § 4013 (a) (1): "If the alternate issue was not ruled on by the trial court, the issue must be one that the trial court would have been forced to rule in favor of the appellee. Any other test would usurp the trial court's discretion." W. Horton & S. Cormier, Connecticut Practice—Practice Book Annotated, Rules of Appellate Procedure (1994 Ed.) § 4013 (a) (1) p. 74, comment. On the record before us, we cannot conclude that the trial court would have been forced to rule in favor of the plaintiff on this claim. We, therefore, decline to address the plaintiff's alternate ground for affirmance.

and 9, 1990, the plaintiff posted the position of "Cross Connection Technician 2." Pursuant to paragraph 4.16 of the agreement, "[i]f the posting is unacceptable to the Union, a grievance may be submitted . . . ." The defendant filed a grievance on November 16, 1990, claiming that the posted position included unacceptable, unilateral changes in the job qualifications as well as an incorrect pay scale, and proposing changes for the job posting. The original posting was removed, and, on December 3, 1990, the plaintiff posted the position with the correct pay scale. In all other respects, the newly posted notice was identical to the original notice. The defendant did not file a grievance with regard to the December 3, 1990 posted notice.

Pursuant to paragraph 18.6 of the agreement,[2] a panel from the Connecticut State Board of Mediation and Arbitration (arbitrators) conducted an arbitration hearing with regard to the November 8 and 9, 1990 posting. Because the parties were unable to agree on a submission, the arbitrators framed the issue[3] as follows: "Did the [plaintiff] violate the [bargaining agreement] when it posted the position of Cross Connection Technician 2 on December 3, 1990? If so, what shall be the remedy?" On March 3, 1992, the board made various findings and issued the following award: "The [plaintiff] violated the [agreement] when it posted the position of Cross Connection Technician 2 on Decem-

[2] Paragraph 18.6 of the agreement provides in pertinent part: "If . . . the Union elects to file [the grievance] directly to arbitration, the Union only may seek arbitration of the grievance before the State Board."

[3] Section 31-91-35 (b) of the Regulations of Connecticut State Agencies provides in pertinent part that "if the parties are unable to agree upon the issue or issues to be decided, the panel shall frame the issues." Here, the arbitrators did not frame the issue until *after* the presentation of evidence and argument in the arbitration hearing. Neither party questioned the arbitrators' power to conduct the proceeding in this manner at the time of the arbitration hearing, and we do not address the propriety of this procedure.

ber 3, 1990 without the requested changes. The [plaintiff] shall cease and desist from actions of this nature in the future and it shall re-post the position with the original job description and requirements or qualifications."

The plaintiff filed an application in Superior Court to vacate the award, and the defendant filed a motion to confirm the award. The plaintiff alleged, pursuant to General Statutes § 52-418,[4] that the arbitrators had exceeded their authority under a section of the arbitration clause of the bargaining agreement, which provided in part that the arbitrators "shall be bound by and must apply all the terms of this agreement . . . ." The plaintiff asserted that the arbitrators' findings of fact and award were clearly erroneous and unsupported by the record.

The trial court determined that, although the arbitrators had framed the issue with regard to the December 3, 1990 posting, that posting had not been grieved and, thus, was not ripe for arbitration pursuant to the agreement. Rather, only the November 8 and 9, 1990 posting had been grieved. The trial court, thus, determined that the arbitrators had exceeded their powers by ignoring paragraph 4.16 of the agreement, which the trial court stated "requires that a grievance be filed as to the December 3, 1990 posting." As a result, the trial court granted the plaintiff's application to vacate the arbitration award, and the defendant appealed.

"We have stated repeatedly that judicial review of arbitration awards is limited in scope because arbitration is a creature of contract and *the parties delineate the power of the arbitrator by the terms of the submis-*

---

[4] General Statutes § 52-418 provides in pertinent part: "(a) Upon application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

*sion. Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983)." (Emphasis added; internal quotation marks omitted.) *Wilson* v. *Security Ins. Group,* 199 Conn. 618, 627, 509 A.2d 467 (1986). "Ordinarily, where the authority to arbitrate devolves from contract, an unrestricted submission carries with it the power to decide, with finality, all issues of fact or law in the proceedings." (Internal quotation marks omitted.) *Bodner* v. *United Services Automobile Assn.,* 222 Conn. 480, 501, 610 A.2d 1212 (1992).

Pursuant to the bargaining agreement, the parties had voluntarily agreed to arbitration for settling contract disputes. In the case of such voluntary arbitration, we note that "[a]rbitration awards are generally upheld and we give deference to an arbitrator's decision since it is favored as a means of settling disputes. . . . The judicial review of an arbitration award is limited in scope by General Statutes § 52-418 and the terms of the parties' contract. . . .

"If the submission does not contain limiting or conditional language, then the submission is unrestricted. . . . If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error. . . . In addition, if the submission is unrestricted, an arbitrator is not required to decide the issues presented according to law. . . . Thus, [w]here the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . [*Bridgeport* v. *Connecticut Police Dept.*

*Employees Local 1159,* 32 Conn. App. 289, 292–94, 628 A.2d 1336, cert. denied, 227 Conn. 925, 632 A.2d 703 (1993)].

"Our Supreme Court has further noted that [e]ven in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 344, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985); (2) the award violates clear public policy; *Watertown Police Union Local 541* v. *Watertown,* 210 Conn. 333, 339, 555 A.2d 406 (1989); or (3) the award contravenes one or more of the statutory proscriptions of § 52-418. *Carroll* v. *Aetna Casualty & Surety Co.,* [189 Conn. 16, 22–23, 453 A.2d 1158 (1983)]. . . . In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers. *New Haven* v. *AFSCME, Council 15, Local 530,* [208 Conn. 411, 415, 544 A.2d 186 (1988)]; *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 153, 523 A.2d 1271 (1987); *Bic Pen Corporation* v. *Local No. 134,* [183 Conn. 579, 584, 440 A.2d 774 (1981)]. *Garrity* v. *McCaskey,* supra, [223 Conn. 1, 7, 612 A.2d 742 (1993)]." (Citations omitted; internal quotation marks omitted.) *State* v. *Connecticut Employees Union Independent, Inc.,* 33 Conn. App. 737, 740–41, 639 A.2d 619 (1994). "In deciding whether the arbitrators have exceeded their powers . . . [t]he memorandum of the arbitrator[s] is irrelevant. *Waterbury Construction Co.* v. *Board of Education,* 189 Conn. 560, 563, 457 A.2d 310 (1983). The memorandum of decision may, however, be examined to determine if an arbitrator has exceeded his or her authority by making an award beyond the scope of the submission. Id." *Board of Education* v. *AFSCME,* 195 Conn. 266, 271, 487 A.2d 553 (1985).

Here, the arbitrators framed the submission in terms of whether the plaintiff violated the bargaining agreement when it posted the position of Cross Connection Technician 2 on December 3, 1990. This unrestricted submission provided the arbitrators with the power to determine all factual and legal questions with regard to the submission. Our inquiry turns to whether, pursuant to § 52-418 (a) (4), the arbitrators "exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The arbitrators' memorandum reveals that the arbitrators determined that "[t]he posting of the revision did not give rise to a requirement that a second grievance had to be filed to proceed to arbitration."

The interpretation of a contract is generally a question of fact. *Gurliacci* v. *Mayer,* 218 Conn. 531, 567, 590 A.2d 914 (1991); *Sagamore Group, Inc.,* v. *Commissioner of Transportation,* 29 Conn. App. 292, 298, 614 A.2d 1255 (1992). The arbitrators were empowered with the duty to interpret the agreement. Rather than ignore paragraph 4.16 of the agreement, the arbitrators interpreted that paragraph to provide for arbitration without requiring that the defendant file another grievance upon the posting of the position to include the proper pay scale.[5] The award clearly conformed to the submission, as the arbitrators exercised their power to interpret the terms of the agreement and to answer the question posed with the response the plaintiff had violated the agreement by its December 3, 1990 posting. In its memorandum of decision, rather than

---

[5] The defendant claimed that the scope of the submission included the provisions of the bargaining agreement, and that the arbitrators, pursuant to the agreement, could not add to, modify, or subtract from the provisions of the agreement. Our conclusion that the arbitrators properly exercised their powers by interpreting the provisions of the agreement makes it unnecessary to address the defendant's claim as to the scope of the submission.

determining whether the award conformed to the submission, the trial court provided an independent interpretation of paragraph 4.16 of the agreement in concluding that it required the defendant to file a separate grievance with respect to the position posted on December 3, 1990. Because such fact-finding was beyond the scope of the trial court's powers of review, we conclude that the trial court improperly granted the plaintiff's application to vacate the arbitration award.[6]

---

[6] We note that this case is distinguishable from *White* v. *Kampner,* 229 Conn. 465, 641 A.2d 1381 (1994). In *Kampner,* the issues concerned, in part, the arbitrability of a dispute and the proper forum to determine arbitrability. The contract contained "two contractual clauses pertaining to the arbitrability of a dispute: a 'mandatory negotiation' clause and an 'arbitration' clause." Id., 468. Those clauses provided that the parties must engage in two negotiation sessions prior to arbitration. Id.

The court noted that "the language of the contract answers the question of whether the trial court or the arbitrator determines issues of arbitrability . . . . [*East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* 206 Conn. 643, 656–57, 539 A.2d 125 (1988)]; see *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 123, 318 A.2d 84 (1972) . . . ." Id., 475 n.10. Where there were no restrictions in the contract as to what issues may be decided by the arbitrators and broad language providing for the unrestricted submission of all disputes, the issue of arbitrability was left to the arbitrators. Id. The court in *Kampner* also noted that once it is determined that the arbitrators are contractually empowered to decide issue of arbitrability "[w]e agree with the Appellate Court that 'a trial court may not substitute its own findings regarding whether a party met a procedural precondition to arbitration for those of the arbitrator . . . .' " Id., 474 n.10, quoting *White* v. *Kampner,* 31 Conn. App. 73, 78, 623 A.2d 514 (1993).

The arbitration clause itself in *Kampner,* however, provided for the arbitration of any dispute " '*which has not yet been resolved under*' the mandatory negotiation provision. (Emphasis added.)" *White* v. *Kampner,* supra, 229 Conn. 473. Our Supreme Court concluded that the requirement of negotiation sessions constituted a condition precedent to arbitration, and, on the basis of the language in the contract, that the determination of whether the parties met that condition was not part of the contractual submission and was left to the trial court. Id., 475.

Here, we do not construe the language contained in article four, titled "Promotions, Transfers, Vacancies," to require the filing of a grievance as a condition precedent to arbitration. Even if we assume that the filing of a grievance is a precondition to arbitration, it is unclear whether any issue of the arbitrability of the dispute was preserved before the arbitrators. See id., 469–70. Even if an issue was preserved properly, the con-

The judgment is reversed and the case is remanded to the trial court with direction to render judgment confirming the arbitration award.

In this opinion the other judges concurred.

tract in this case provides for the unlimited submission of issues by stating that the grievance and arbitration procedure applies to "[a]ny dispute . . . involving interpretation or application of the terms of this agreement . . . ." As a result, the arbitrators retained the power to decide any issue of arbitrability and the trial court could not substitute its findings for those of the board regarding whether a procedural precondition was met.