[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this proceeding for an order to compel arbitration is whether a claim that the plaintiff is collaterally estopped to litigate the issue of damages before the arbitration panel relates to the arbitrability of the plaintiff's claim for underinsured motorist benefits or to coverage. The court holds that the issue of collateral estoppel pertains to coverage and not to arbitrability. Therefore, the application to compel arbitration is granted[.]
The material facts are undisputed. On August 26, 1994, the plaintiff filed an application for an order to proceed with arbitration against the defendant, Westchester Fire Insurance Company (Westchester). See General Statutes § 52-410.[1] In the application, the plaintiff claims that she sustained injuries on March 23, 1991, when the automobile in which she was a passenger was involved in an accident. The plaintiff brought a civil action against the tortfeasor. The amount of damages which she received as a result of the the judgment rendered in that action exceeded the tortfeasor's insurance coverage.
The plaintiff was an insured under an automobile liability insurance policy issued by Westchester. After exhausting the limits of the tortfeasor's insurance policy, the plaintiff sought additional compensation from Westchester under the underinsured motorist coverage of the insurance policy. The parties were unable to agree upon the amount of damages to which the plaintiff is entitled. Therefore, the plaintiff demanded that the issue be resolved by arbitration, pursuant to the applicable provisions of Westchester's insurance policy and General Statutes § 38a-336. CT Page 11371
Westchester objects to the motion to compel arbitration. It seeks to limit the scope of the arbitration with respect to damages. In its objection, Westchester argues that the issue of damages was previously decided by the judgment rendered in the plaintiff's action against the tortfeasor and that the doctrines of res judicata and collateral estoppel militate that this court not permit the issue of damages to be relitigated in the arbitration.[2]
General Statutes § 38a-336(c) requires that "[e]ach automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." Our appellate courts have explained that "[t]he effect of § 38a-336(c) is . . . to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage . . . ." (Internal quotation marks omitted.) Wynn v.Metropolitan Property Casualty Insurance Co., 30 Conn. App. 803,805-806, 623 A.2d 66 (1993), aff'd, 228 Conn. 436, 635 A.2d 814
(1994). Thus, all issues pertaining to coverage are determined by arbitration. Gaudet v. Safeco Insurance Co., 219 Conn. 391, 392,593 A.2d 1362 (1991). "The arbitrability of a dispute, by contrast, is a legal question for the trial court to decide as a threshold matter." Wynn v. Metropolitan Property CasualtyInsurance Co., supra, 806. "The function of the court . . . is to determine, in the first instance, whether the issue is arbitrable. If the court so decides, an order compelling arbitration is issued. If, on the other hand, the court decides that the issue is not arbitrable, it can proceed to decide the issue on the merits."Oliva v. Aetna Casualty Surety Co., 181 Conn. 37, 39-40,434 A.2d 304 (1980).
"The distinction between coverage issues and arbitrability issues have not always been readily apparent." Wynn v.Metropolitan Property Casualty Insurance Co., supra,30 Conn. App. 806. "[A] coverage issue is one that is governed wholly by the policy language . . . or involves the interpretation of both statutory and policy language . . . or otherwise implicates the scope of coverage afforded by the terms of the policy." (citations omitted.) Ibid. "An issue of arbitrability, by comparison, is one that addresses the arbitrability of the claim and is capable of being decided by the court as a matter of law irrespective of the terms of the policy." Id., 807. CT Page 11372
Our Supreme Court has held that the question of whether the statutory duty to arbitrate coverage issues applied to motorcycle insurance policies was a threshold legal issue for the court to decide. Beloff v. Progressive Casualty Ins. Co., 203 Conn. 45,523 A.2d 477 (1987). Our Appellate Court has held that whether a claim for underinsured motorist benefits is barred by the statute of limitations is a question of arbitrability. Wynn v. MetropolitanProperty Casualty Ins. Co., supra, 30 Conn. App. 807. On the other hand, our appellate courts have held that whether the failure to exhaust the liability coverage of an alleged tortfeasor's automobile liability insurance policy precluded a plaintiff from recovering underinsured motorist benefits was a coverage question; Lane v. Aetna Casualty Surety Co., 203 Conn. 258,524 A.2d 616 (1987); that the issue of whether a policy's uninsured motorist coverage provision extended benefits to accidents involving underinsured vehicles was essentially a coverage question; Security Ins. Co. of Hartford v. DeLaurentis,202 Conn. 178, 520 A.2d 202 (1987); that questions involving whether fleet policies could be stacked and whether uninsured motorist benefits should be set off by the amount of workers' compensation benefits collected were ones of coverage; Wilson v.Security Ins. Group, 199 Conn. 618, 509 A.2d 467 (1986); and whether the nonfulfillment of a policy provision concerning the timely presentation of claims bars recovery was essentially a coverage question. Oliva v. Aetna Casualty Surety Co., supra,181 Conn. 37.
"Where an issue may fairly be characterized as either (1) an issue of arbitrability, i.e., a question for the courts to decided in the first instance, or (2) an issue of insurance coverage, i.e., a question for the arbitrator[s] to decide in the first instance, legislative policy requires the court to elect the latter characterization and submit the issue to the arbitrator[s] together with all other issues of insurance coverage." Gaudet v.Safeco Insurance Co., supra, 219 Conn. 399.
Here, however, the question is not a close one. The defendant Westchester does not claim that the plaintiff is not entitled to underinsured motorist benefits but, rather, that the amount of those benefits is fixed by a fact extraneous to the policy and to General Statutes § 38a-336, to wit, the amount by which the verdict in the plaintiff's action against the tortfeasor exceeded the tortfeasor's automobile insurance liability limits. However, the amount of damages is a matter which Westchester's policy of insurance commits to the arbitrators. That policy provides: "If we CT Page 11373 and an `insured' do not agree . . . [a]s to the amount of damages . . . either party may make a written demand for arbitration. . . . A decision agreed to by two of the arbitrators will be binding as to . . . [t]he amount of damages."[3] For this reason the court holds that the issue of the collateral estoppel effect of the verdict against the tortfeasor falls within the ambit of coverage questions committed by the policy to the arbitrators. Cf. GaryExcavating, Inc. v. North Haven, 164 Conn. 119, 125, 318 A.2d 84
(1972) (where contract provided that the arbitrators were judges of all matters of law and fact relating to both the subject matters of and procedure during arbitration, held, the res judicata effect of an earlier arbitration decision was within the scope of authority delegated to the arbitrators.).
The plaintiff's application for an order to proceed with arbitration is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court