[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Griffin Hospital has filed a motion asking the court to hold an evidentiary hearing on its application to vacate, correct or modify an arbitration award involving a collective bargaining dispute CT Page 5166 between the plaintiff and the defendant Teamsters, Local 677. The defendant opposes the motion.
The plaintiff employs eighteen maintenance employees for whom the defendant is the collective bargaining representative. On October 20, 2000, the defendant filed a grievance under its collective bargaining agreement with the plaintiff alleging that the plaintiff violated that agreement by failing to give its members the 8% wage increase given registered nurses in patient care positions. The plaintiff denied the defendant's grievance and the matter was submitted for arbitration in accordance with the collective bargaining agreement. The parties agreed to the following submission to the arbitrator: "Did the Employer violate the 1999-2003 Collective Bargaining Agreement at page 24 `Wage increases for Agreement Years September 1, 1999, through August 31, 2003, by giving Registered Nurses in patient care positions an 8% increase effective October 1, 2000, but failing to give the members the same increase? If so what shall the remedy be?"
A hearing was held before the arbitrator at which both parties presented evidence. On October 29, 2001, the arbitrator issued a written award in which he sustained the defendant's grievance and awarded all bargaining unit employees employed by the plaintiff on September 28, 2000 an additional wage increase of 5% retroactive to that date. On November 27, 2001, the plaintiff filed with this court the subject application to vacate, correct or modify the arbitration award. The defendant filed an application to confirm the arbitration award on December 14, 2001.
The plaintiff seeks to vacate the arbitrator's award on a variety of grounds, including that it is defective pursuant to General Statutes § 52-418 (a) (4), it involves a patently irrational application of the law, and it is affected by an evident material miscalculation of figures. The plaintiff asserts that the court must conduct an evidentiary hearing and receive evidence in order to determine the validity of the plaintiff's legal claims. The defendant maintains that the submission to the arbitrator in this case was unrestricted and, as a result, an evidentiary hearing is not appropriate in this matter.
The scope of judicial review of an arbitrator's decision depends on whether the submission to the arbitrator was restricted or unrestricted.United States Fidelity Guaranty Co. v. Hutchinson, 244 Conn. 513, 520
(1998).
"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit CT Page 5167 rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) Perkins Mario, P.C. v. Annunziata, 45 Conn. App. 237,239-40, (1997). See also United States Fidelity Guaranty Co. v.Hutchinson, supra, 244 Conn. 519.
In this case, the arbitration provision of the parties' collective bargaining agreement authorizes the referral of an unresolved grievance for arbitration by a single arbitrator selected in accordance with the procedures of the American Arbitration Association. The arbitration provision further provides that the award of the arbitrator shall be final, conclusive and binding upon the parties. The arbitrator shall have jurisdiction only over disputes concerning grievances as defined in the contract and shall have no power or authority to add to, subtract from or modify in any way the terms of the collective bargaining agreement.
The parties submitted the following issue to the arbitrator: "Did the Employer violate the 1999-2003 Collective Bargaining Agreement at page 24 "Wage increases for Agreement Years September 1, 1999, through August 31, 2003, by giving Registered Nurses in patient care positions an 8% increase effective October 1, 2000, but failing to give the members the same increase? If so what shall the remedy be?" This submission of the parties is unrestricted. It does not contain any limitations, restrictions or conditions which render it a restricted submission. Submissions containing similar language have been deemed to be unrestricted by the appellate courts of this state. See e.g. Bic Pen Corporation v. Local No.134, 183 Conn. 579 (1981) ("Did the Company (Bic) violate Article IV(n) or other relevant provision of the December 1975 collective bargaining agreement in its distribution of overtime to toolmakers after January 5, 1976? If so, what shall be the remedy?"); City of Hartford v.International A., Firefighters, 49 Conn. App. 805 (1998) ("Did the plaintiff violate the agreement with the defendant when it became self insured on July 1, 1991? If so, what shall be the remedy?"); and Board ofEducation v. Waterbury Teachers Assn., 2 Conn. App. 346 (1984) ("Did the Board violate the Agreement's Article XX, Section 17 — Recall — provision by not recalling Linda McGill from the layoff effective September, 1976 until February 6, 1978? If so, what shall the remedy be?").
The scope of a court's review of arbitral decisions concerning an unrestricted submission is exceedingly limited. "`When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Hartford v. Board of Mediation Arbitration, 211 Conn. 7,14, 557 A.2d 1236 (1989); New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415-16, 544 A.2d 186 (1988). Because we favor arbitration CT Page 5168 as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.Middletown v. Police Local, No. 1361, 187 Conn. 228, 230, 445 A.2d 322
(1982); State v. Connecticut Employees Union Independent, 184 Conn. 578,579, 440 A.2d 229 (1981).' Garrity v. McCaskey, 223 Conn. 1, 4-5,612 A.2d 742 (1992). `Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved.' (Internal quotation marks omitted.) Caldor, Inc. v.Thornton, 191 Conn. 336, 340-41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703,105 S.Ct. 2914, 86 L.Ed.2d 557 (1985)." Stratford v. Intl. Assn. ofFirefighters, 248 Conn. 108, 114 (1999).
These well established principles are tempered by the recognition that a court may vacate an arbitration award on the following grounds: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of General Statutes § 52-418. Id., 116. The plaintiff argues that since it is asserting that the arbitrator's award violates a clear public policy and the provisions of § 52-418 (a) (4) it is entitled to present evidence in support of these claims.
In light of the important principles of limited judicial review and minimal judicial interference underlying the court's relationship with the system of consensual arbitration, the plaintiff does not have an unfettered right to present evidence. See Milford Employees Assn. v.Milford, 179 Conn. 678 (1980). The plaintiff's right is limited to the presentation of that evidence appropriate for the court to consider for the determination of its legal claims.
In reviewing claims of violations of § 52-418 (a) (4), the court's review is generally limited to a comparison of the award with the submission to determine whether the arbitrators exceeded their powers, though the review can extend to an examination of whether there was an egregious misperformance of duty or manifest disregard of the law.Garrity v. McCaskey, 223 Conn. 1, 7-8 (1992). While a review of an arbitration award on the basis of a violation of a clear public policy requires de novo judicial review, "the court is not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award." State v. AFSCME, AFL-CIO, Council 4, Local 2663,257 Conn. 80, 90 (2001). CT Page 5169
At the hearing on the plaintiff's motion for an evidentiary hearing, I asked the plaintiff to describe the nature of the evidence that it seeks to introduce at an evidentiary hearing in support of its legal claims. The plaintiff responded that it intends to offer evidence that it was not the intention of the parties in entering into the collective bargaining agreement to authorize the defendant to receive all wage increases given by the plaintiff to its other employees as well as evidence that the history of the application of the disputed provision is limited to across-the-board wage increases.
It is precisely this type of evidence that the court is not permitted to consider when reviewing an arbitration award involving an unrestricted submission. A court cannot vacate an award on the grounds that the arbitrator erroneously interpreted the collective bargaining agreement or erroneously construed the facts. Stratford v. Intl. Assn. ofFirefighters, supra, 248 Conn. 114. The plaintiff seeks to offer evidence not to show that the award contravenes the provisions of § 52-418
(a) (4) or clear public policy but to show that the arbitrator erroneously interpreted the collective bargaining agreement based on a misunderstanding of the intent of the parties and prior applications of the disputed provision. This court may not substitute its interpretation of the collective bargaining agreement for that of the arbitrator.Metropolitan District Comm. v. AFSCME, Council 4, 35 Conn. App. 804
(1994). The introduction of facts toward that end exceeds the court's limited scope of review. Id., 811.
Accordingly, the plaintiff's motion for an evidentiary hearing is hereby denied.
BY THE COURT
Judge Jon M. Alander