[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, City of Waterbury, commenced this statutory proceeding in May of 2000 pursuant to General Statutes § 52-418 (a) (4) to vacate a certain labor arbitration award issued by a panel of the State Board of Mediation and Arbitration. The defendant, Waterbury Police Union Local 1237, AFSCME, AFL-CIO, filed an appearance, an answer, and a counter-application to confirm the award pursuant to General Statutes § 52-417.
General Statutes § 52-418 (a) (4) provides in pertinent part:
 "Upon the application of any party to an arbitration, the Superior Court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defect[s]: (4) If the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
The award of the State Board of Mediation Arbitration on April 12, 2000 in case number 978-A-1217, purported to address the following issues:
 When the City promoted Manual Tirado in January 1998, did the City violate the Collective Bargaining Agreement or the Civil Service Rules and Regulations?"
If so, what shall the remedy be?
"Judicial review of an arbitration award is limited in scope by Conn. Gen. Stat. § 52-418 and the terms of the parties' contract. GrotonCT Page 15848v. United Steelworkers, 254 Conn. 35, 43-44 (2000); Metropolitan DistrictCommission v. AFSCME, Council 4, Local 3713, 35 Conn. App. 804, 808
(1994); Greater Bridgeport Transit District v. Amalgamated TransitUnion, 28 Conn. App. 337, 3431 (1991); Board of Education v. HartfordFederation of School Secretaries, 26 Conn. App. 351, 352-53 (1992). As every reasonable presumption and intendment will be made in favor of the award, the arbitrator's acts, and the arbitration proceedings, the party challenging the award bears the burden of producing evidence sufficient to demonstrate a violation of Conn. Gen. Stat. § 52-418. MetropolitanDistrict Commission v. AFSCME, Council 4, Local 3713, supra,237 Conn. at 119
(Citations omitted.) "Because . . . [Connecticut courts] favor arbitration as a means of settling private disputes . . . [they] . . . undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Garrity v. McCaskey, 223 Conn. 1, 4-5
(1992) (Citations omitted.)
The first step in the analysis requires a determination as to whether the "submission" was restricted or unrestricted. "Ordinarily, where the authority to arbitrate devolves from contract, an unrestricted submission carries with it the power to decide, with finality, all issues of fact or law in the proceedings." Bodner v. United Services AutomobileAssociation, 222 Conn. 480, 501 (1992); Industrial Risk Insurers v.Hartford Steam Boiler, 258 Conn. 101 (2001); See, Metropolitan DistrictCommission v. AFSCME, Council 4, Local 3713, 35 Conn. App. 804, 807-808
(1994). "When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." Garrity v. McCaskey, 223 Conn. 1,4 (1992) (Emphasis added.) (Citations omitted.)
The "submission" is defined as the arbitration clause in the parties' contract. Vail v. American Way Homes, Inc., 181 Conn. 449, 451 (1980);Greater Bridgeport Transit District v. Amalgamated Transit Union, supra, 28 Conn. App. At 342 (1992). The "Submission" also includes the issues specifically given to the arbitrators for resolution. Local 1219, IAFF v.Board of Labor Relations, 171 Conn. 342, 354-355 (1976); Wolf v. Gould,10 Conn. App. 11, 12 (1985). The nature of the submission is crucial because it is the arbitrator's "charter" and defines his authority. See,Aetna Casualty Surety v. Lighty, 3 Conn. App. 697, 700 (1985).
A submission is restricted "only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v. McCaskey,223 Conn. 1, 5 (1992) (Citations omitted); IAFF, Local 1339 v.CT Page 15849Waterbury, 35 Conn. App. 775, 778 (1994). In short, where the submission does not otherwise state, the arbitrators are empowered to decide all legal and factual questions. See, Bridgeport v. Connecticut Police Dept.Employees, 32 Conn. App. 289, 293-194 (1993); cert. denied, 227 Conn. 925.
The second step in the analysis requires a comparison of the submission and the award in order to determine whether they conform. Garrity v.McCaskey, supra, 223 Conn. at 7; Metropolitan District Commission v.AFSCME, Council 3713, 35 Conn. App. 804-809 (1994). In short, if the arbitrators answered the questions submitted by the parties, the award cannot be vacated. See, IAFF, Local 1339 v. Waterbury, 35 Conn. App. 775,780 (1994) (award subject to vacatur where arbitrators failed to answer submitted question.)
In this case, the submission is clearly unrestricted and the award conforms to the submission. The plaintiff City is essentially seeking ade novo review. This Court cannot substitute its interpretation of the collective bargaining agreement and/or applicable law for the arbitrators' interpretation of these provisions. The City's application to vacate is denied and the defendant's counter-application to confirm the arbitrated award is hereby granted.
 ___________________ DUBAY, J.
CT Page 15850