## TOWN OF WALLINGFORD *v.* WALLINGFORD POLICE UNION LOCAL 1570, COUNCIL 15, AFSCME

## WALLINGFORD POLICE UNION LOCAL 1570, COUNCIL 15, AFSCME *v.* TOWN OF WALLINGFORD (AC 15594)

Dupont, C. J., and Lavery and Hennessy, Js.

Argued March 3—officially released June 10, 1997

*Robert J. Murray, Jr.*, for the appellant (defendant in the first case, plaintiff in the second case).

*Dennis G. Ciccarillo*, for the appellee (plaintiff in the first case, defendant in the second case).

*Opinion*

LAVERY, J. The defendant,[1] the Wallingford Police Union Local 1570, Council 15, AFSCME, appeals from the judgment of the trial court vacating an arbitration award in its favor. This dispute arose out of the termination by the plaintiff town of Wallingford of Philip Nickerson's[2] employment as a police officer. The defendant claims that the trial court improperly (1) found that under the collective bargaining agreement the termination of a probationary employee was not arbitrable and vacated the arbitration award pursuant to General Statutes § 52-418 (a) (4),[3] and (2) concluded that the arbitrator was guilty of misconduct under General Statute § 52-418 (a) (3) when he considered evidence that was not part of the record and to which the parties were not given an opportunity to respond. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. On November 22, 1991, Philip Nickerson was hired by the plaintiff as a police officer and given probationary status for a period of two years, pursuant

---

[1] Each party filed an application, one to vacate and one to confirm the award. We will refer in this opinion to the town of Wallingford as the plaintiff and to the union as the defendant.

[2] Philip Nickerson is a member of the defendant union.

[3] General Statutes § 52-418 provides in relevant part: "Vacating award. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ."

to the collective bargaining agreement that the plaintiff and the defendant had entered. During the course of the next year, Nickerson's supervisors conducted detailed investigations into four incidents[4] that involved Nickerson. After conducting these investigations, Nickerson's supervisors concluded that his performance included a premature escalation of force, arrest or detention without probable cause or justification, improper tactics, potential injury to fellow officers, potential injury to citizens and potential civil liability.

Prior to Nickerson's termination, the chief of police discussed Nickerson's conduct at length with Nickerson's supervisors and the deputy chief of police. At this meeting, Nickerson's supervisors expressed their concerns about his inappropriate response to several incidents. On November 15, 1992, the chief of police held a conference with Nickerson and terminated him from the Wallingford police.

The defendant filed a grievance protesting the termination, and an arbitration proceeding was convened. Prior to and during arbitration, the plaintiff preserved and argued the claim that the termination of a probationary employee was not subject to arbitration. There-

---

[4] These four incidents were termed: "Stop & Shop, Woodington Road, Executive Dodge, and American Savings Bank." These names represent the location where the incidents took place. In the "American Savings Bank" incident Nickerson's supervisor stated that he should not have "given up his cover so fast" and come as close to the police subject as he did. In the "Stop & Shop" incident, Nickerson, without any firsthand knowledge or information about a suspect, grabbed the suspect, put him on the floor and cuffed him. The chief of police, after assessing the incident, concluded that this arrest was made without probable cause. In the "Wooding Road" incident, Nickerson failed to confiscate certain cans of beer as evidence and instead made a suspect pour the beer down a sink. In the "Executive Dodge" incident, Nickerson pulled a suspect out of a car without first asking him to get out, put him on the ground, handcuffed him, and searched his car. The suspect was then released. Nickerson's police supervisors stated that the methods used to remove and detain the suspect were inappropriate and were a "premature escalation of force."

after, hearings were held and the arbitrator found that the grievance was arbitrable and defined the issue as whether the termination of the grievant was for "capricious reasons." The arbitrator rendered an award sustaining the grievance, and concluded that Nickerson was entitled to be reinstated to "full status." In his memorandum, the arbitrator referred to the Department of Public Safety Administration and Operations Manual, 3d Ed., of the Connecticut state police.

The defendant filed an application to confirm the arbitration award, pursuant to General Statutes § 52-417. The plaintiff, in turn, filed an application to vacate the arbitration award. An evidentiary hearing was held by the trial court to allow the plaintiff to present evidence that the arbitrator was guilty of misconduct by referring to a manual that was not an exhibit in the arbitration hearing. The trial court subsequently granted the plaintiff's motion to vacate the arbitration award both on the issue of arbitrability and on the merits. The trial court also denied the defendant's motion to confirm the arbitration award. The plaintiff filed a motion for articulation, to which the trial court filed a supplemental memorandum of decision. In its supplemental memorandum of decision, the trial court found that the arbitrator relied on a document not in evidence, resulting in a violation of General Statutes § 52-418 (a) (3), and thereby providing an additional ground for vacating the arbitration award. This appeal followed.

I

The defendant claims that the trial court improperly found that under the collective bargaining agreement the termination of a probationary employee was not arbitrable and vacated the arbitration award pursuant to General Statute § 52-418 (a) (4). We disagree.

"Whether a particular dispute is arbitrable is typically a question for the court. . . . It is well established [however] that arbitration is a matter of contract and that parties may agree to have questions concerning the arbitrability of their disputes decided by a separate arbitrator. . . . In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitrators. . . . The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration . . . ." (Citations omitted; internal quotation marks omitted.) *International Marine Holdings, Inc.* v. *Stauff,* 44 Conn. App. 664, 668, 691 A.2d 1117 (1997).

At issue in the present case is the arbitration clause contained in article 16, § 2, of the collective bargaining agreement, which states: "The Union shall have the right to question the propriety of any such disciplinary action or discharge, through the grievance procedure herein outlined, including arbitration, except for termination of probationary employees which is not subject to the grievance and arbitration provisions of this agreement. Probationary employees shall not be terminated for capricious reasons." Concerning Nickerson's employment status at the time of his termination, we look to article 5, § 3, of the collective bargaining agreement, which states: "No appointment or employment in the Police Department shall be deemed final and permanent until after expiration of one (1) year's probationary service and successful completion of the Municipal Police Training Academy. For employees hired after July 1, 1988 the probationary period shall be two years." Therefore, since Nickerson was hired on November 22, 1991, Nickerson was a probationary

employee when he was terminated on November 15, 1992.

In *Metropolitan District Commission* v. *AFSCME, Council 4, Local 3713*, 35 Conn. App. 804, 811 n.6, 647 A.2d 755 (1994), this court recently recognized that an arbitrator cannot find a dispute arbitrable if language in the contract indicates that it is not. Furthermore, in *White* v. *Kampner*, 229 Conn. 465, 472–73, 641 A.2d 1381 (1994), our Supreme Court held: "We initially note that, because we favor arbitration, we will defer to this alternative method of dispute resolution if the contractual arbitration provisions fall within the grey area of arbitrability, employing the 'positive assurance' test as set out in *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960). Under this test, ' "judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance. . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." ' "

In the present case, the plain language of article 16, § 2, of the collective bargaining agreement explicitly states that the termination of probationary employees "is not subject to the grievance and arbitration provisions of the Agreement." The article 16, § 2, provision that "[p]robationary employees shall not be terminated for capricious reasons" contemplates the fact that the termination of probationary employees is not subject to arbitration but that some job security to probationary employees should be provided. We conclude that this section of the collective bargaining agreement could not have reasonably been given any other interpretation than to exclude the termination of probationary employees from arbitration. There is no grey area in the inter-

pretation of article 16, § 2, of this collective bargaining agreement and Nickerson, as a probationary employee, was not entitled to arbitration.

We agree with the well reasoned analysis of the trial court in ruling on this particular issue when it said: "The collective bargaining agreement, at article 16, § 2, clearly and unmistakenly provided that while termination or disciplinary sanctions as to nonprobationary members of the bargaining unit could be pursued through all steps of the grievance procedure, including arbitration, the issue of termination of probationary employees is 'not subject to the grievance and arbitration procedures of this agreement.' The arbitrator reasoned that because the town also agreed not to terminate probationary employees for 'capricious reasons' it must have meant to agree to arbitration of claims of violation of that provision. Such a construction ignores the express language of the contract to the contrary, and imposes on the town an obligation directly contrary to the bargained for exclusion. There is nothing ambiguous in the exclusionary language cited above, nor does the provision prohibiting 'capricious' termination necessitate a 'construction' of the exclusion that negates its plain words. An employer may certainly agree not to act capriciously without also agreeing to a particular procedure from enforcement of that agreement, leaving a party who believes the agreement has been violated to resort to such other means of enforcement as may be available." We, therefore, agree with the trial court that the arbitrator's award should be vacated on this ground.

## II

Even if the award should not have been vacated because it was not arbitrable, it should be vacated on the ground that the arbitrator should not have considered evidence that was not part of the record. The

defendant contends that the trial court improperly vacated the arbitrator's award and concluded that the arbitrator was engaged in an "action by which the rights of any party have been prejudiced," under § 52-418 (a) (3) when he considered evidence that was not part of the record and to which the parties were not given an opportunity to respond.

In the present case, the arbitrator referred to the Department of Public Safety Administration and Operations Manual, 3d Ed., of the state police in its memorandum of decision. This manual was not offered or received into evidence, either in whole or in part, and it was not mentioned during the hearing by any witness, lawyer, or the arbitrator.

The trial court, in its supplemental memorandum of decision, stated: "After a hearing, this court finds that neither party submitted this document as an exhibit at the arbitration hearing and that the arbitrator was presented with no testimony to the effect that the contents of that manual had been adopted by or for the use of the Wallingford police department. This court finds that the arbitrator obtained this document outside of the arbitration procedure and used it as evidence in deciding the issue presented. The town was deprived of any opportunity to object to the document on the grounds of relevance or to counter, explain or distinguish any of the statements made in that document."

Section § 52-418 (a) (3) provides that the court shall vacate an arbitration award if the arbitrators engaged in "any other action by which the rights of any party have been prejudiced." "To establish that an evidentiary ruling, or lack thereof, rises to the level of misconduct prohibited by § 52-418 (a) (3) requires more than a showing that an arbitrator committed an error of law." *Clairol, Inc.* v. *Enertrac Corp.*, 44 Conn. App. 506, 514, 690 A.2d 418 (1997).

"The concept of arbitral 'misconduct' does not lend itself to a precise definition but is, instead, best illustrated by example. See generally A. Rothstein, 'Vacation of Awards for Fraud, Bias, Misconduct and Partiality,' 10 Vand. L. Rev. 813 (1957). Among the actions that have been found to constitute such misconduct on the part of an arbitrator as would warrant vacating an arbitration award are the following . . . ex parte receipt of evidence as to a material fact, without notice to a party; *Hewitt* v. *Village of Reed City*, 124 Mich. 6, 8, 82 N.W. 616 (1900); *Reisman* v. *Ranoel Realty Co.*, 224 Pa. Super. 220, 224, 303 A.2d 511 (1973) . . . . Though not exhaustive, these examples of arbitral misconduct delineate the broad contours of conduct that is unacceptable and prohibited under § 52-418 (a) (3). The presumptive validity of consensual arbitration awards depends upon the underlying integrity of the arbitration process. When that integrity is tainted either by actual impropriety or the appearance of impropriety, the arbitration award cannot be permitted to stand. See *Commonwealth Coatings Corporation* v. *Continental Casualty Co.*, 393 U.S. 145, 147–48, 89 S. Ct. 337, 21 L. Ed. 2d 301 (1968), reh. denied, 393 U.S. 1112, 89 S. Ct. 848, 21 L. Ed. 2d 812 (1969)." *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3*, 203 Conn. 133, 146–48, 523 A.2d 1271 (1987).

In the present case, the reasons for terminating a police officer were at issue. Therefore, proper police conduct was material to the case. The use of an undisclosed document regarding that conduct was prejudicial and denied the plaintiff a fair hearing because it was not given an opportunity to respond to this document, which was never placed in evidence. This was a violation of § 52-418 (a) (3). Accordingly, the award of the arbitrator must be vacated.

The judgment is affirmed.

In this opinion the other judges concurred.