[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD AND DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD AND FOR JUDGMENT
 Facts
CT Page 7778
The plaintiffs, Dennis M. Kass and Carol A. Kass, pursuant to General Statutes § 52-418, have filed an application to vacate an arbitration award issued November 17, 1999 in favor of the defendants, Nicole Schless, Schless Construction, LLC, and Nicole Schless Builders, LLC.
The arbitration arose from a contractual dispute relating to the construction of the plaintiffs' home. While the defendants were performing construction work on the plaintiffs' home, a dispute developed as to the amount to be paid to the defendants as well as allegations of defective workmanship by the defendants. The original construction contract contains an arbitration clause[1] providing that any dispute arising out of the contract "shall be settled by arbitration."
The defendants submitted a "Demand for Arbitration" form to the American Arbitration Association on June 25, 1999. The issue submitted on that form by the defendants provides as follows: "Under the `cost plus' Construction Contract attached hereto, Claimant built Respondents' new residence. Approximately $27,000 remains unpaid to Claimant. In addition, Respondents owe Claimant 7% thereof, the amount of which will be determined after a full hearing thereon." In response, the plaintiffs filed an "Answering Statement" on July 7, 1999, in which they included a detailed counterclaim alleging damages of approximately $50,000 for various misconduct by the defendants, including defective workmanship and overcharging the plaintiff for labor and materials.
The arbitration hearing was held over the course of three days in September and October, 1999. At the close of the hearing, the arbitrator allowed the parties to submit post-hearing briefs. After these briefs were filed, counsel for the plaintiffs sent to the arbitrator a four-page, single-spaced letter responding in detail to many of the points discussed in the defendants' brief. The arbitrator declined to accept this additional document. On November 17, 1999, the arbitrator awarded the defendants $30,148.01. The award also provided that "[nib credit shall be awarded to Schless[2] for alleged defective workmanship."
The plaintiffs now move to have the arbitration award vacated on three grounds: "(1) First, the [plaintiffs] were deprived of a full and fair hearing as a result of the arbitrator's prejudicial and improper post-hearing evidentiary ruling, allowing the [defendants] to discuss evidence, testimony and arguments in the [defendants'] posthearing brief that were not discussed or introduced as evidence at the hearing, and then refusing to allow the [plaintiffs] to object or respond in any way to such improper evidence and argument; (2) second, the arbitrator's decision amounts to a manifest disregard or patently irrational CT Page 7779 application of contract law; and (3) third, the award is contrary to the parties' submission, since it patently disregards the contract on which the submission was based." In the alternative, the plaintiffs move to have the award modified, pursuant to General Statutes § 52-419, to subtract certain amounts from the award. The plaintiffs have filed a memorandum of law and various exhibits in support of their motion. The defendants in turn have filed a motion to confirm the arbitrator's award and for judgment with interest and attorneys' fees. The defendants have also filed a supporting memorandum of law and various exhibits.
 STANDARD OF REVIEW
Section 52-408 of the General Statutes provides that "[a]n agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." General Statutes § 52-408. "Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." (Internal quotation marks omitted.) Gary Excavating, Inc. v. North Haven, 164 Conn. 119, 121,318 A.2d 84 (1972); see also Harry Skolnick Sons v. Heyman,7 Conn. App. 175, 179, 508 A.2d 64, cert. denied, 200 Conn. 803, 510 A.2d 191
(1986).
"Judicial review of arbitral decisions is narrowly confined. When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the cope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Citations omitted; internal quotation marks omitted.) Stratford v. International Assn. of Firefighters,AFL-CIO, Local 998, 248 Conn. 108, 114-15, 728 A.2d 1063 (1999). CT Page 7780
"One of the principal reasons for this deference is that the scope of our review is expressly limited by § 52-418 . . . and, sometimes, by the terms of the parties' agreement. . . . We have stated on numerous occasions that arbitration is a creature of contract. . . . Therefore, it is the arbitrator's judgment that was bargained for and contracted for by the parties, and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ from that of the arbitrator." (Citations omitted.) Id., 115-16.
"These well established principles governing consensual arbitration are subject to certain exceptions. Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of §52-418."[3] (Citations omitted; internal quotation marks omitted.) Id., 116. "[E]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings. . . . Thus, as the party challenging the award, the plaintiff bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418." (Citations omitted; internal quotation marks omitted.) MetropolitanDistrict Commission v. AFSCME, Council 4, Local 184,237 Conn. 114, 119, 676 A.2d 825 (1996).
Applying these principles to the present case, the court must first determine whether the submission was restricted or unrestricted. The arbitration clause contained in the contract is very broad.[4]
In fact, the clause is substantially identical to arbitration clauses which have been found by the appellate courts to create unrestricted submissions in other cases. See Saturn Construction Co. v. PremierRoofing Co., 238 Conn. 293, 296 n. 3,680 A.2d 1274 (1996); JCV Investment Group, Inc. v.Manjoney, 56 Conn. App. 320, 322-24, 742 A.2d 438 (2000). Furthermore, the plaintiff does not claim that the submission in this case was restricted. The court therefore finds that the submission in the present case was unrestricted. Consequently, the arbitrator's award may only be vacated if it falls within one of the three categories mentioned above.
 FULL AND FAIR HEARING
The plaintiffs first claim that the award should be vacated because the arbitrator, in refusing to accept the plaintiffs' letter of October 19, 1999 objecting to the defendants' post-hearing brief, deprived the plaintiffs of a full and fair hearing. According to the plaintiffs, the CT Page 7781 defendants "used [their] post-hearing brief improperly . . . as a forum for "testifying' and discussing evidence and arguments not previously discussed or introduced at arbitration." In support of this claim, the plaintiffs rely on Wallingford v. Wallingford Police Union Local 1570,45 Conn. App. 432, 696 A.2d 1030 (1997). In that case, the arbitrator's memorandum of decision referred to a state police operations manual that had not been offered in evidence and had not been mentioned at any point during the arbitration hearing by any witness, lawyer, or the arbitrator. The Appellate Court held that the arbitrator's conduct violated General Statutes § 52-418(a)(3) because it was an "action by which the rights of any party have been prejudiced." Id., 439-40.
In the present case, however, it is far from clear whether the arbitrator did in fact receive improper post-hearing evidence. The plaintiff has failed to provide an adequate record from which the court can determine the nature of the allegedly objectionable material in the defendants' post-hearing brief. Because no copy of the defendants' post-hearing brief has been provided, the court is unable to determine whether it actually contained evidence not previously admitted during the hearing. This problem is compounded by the fact that a transcript of the hearing also has not been provided for the court's reference. The plaintiff has included with its motion a copy of the letter sent by the plaintiffs' attorney to the arbitrator in response to the defendants' brief. Six of the letter's eight objections challenge arguments or conclusions in the defendants' brief, rather than objecting to the admission of any evidence submitted by the defendants.[5]
Furthermore, there is nothing in the arbitrator's award to indicate that he relied on the allegedly objectionable material. This situation does not come close to the Wallingford case, in which the arbitrator clearly consulted evidence not offered or admitted at trial, and explicitly relied on that evidence in making the arbitration award.
The seventh objection in the plaintiffs' letter states that the defendants' brief included a discussion, in support of the defendants' claim for attorneys' fees, of previous court proceedings between the parties. Again, because of the absence of a copy of the defendants' post-hearing brief and the hearing transcripts, it is unclear whether this information actually was new evidence not admitted at trial. Furthermore, the arbitrator did not award any attorneys' fees. Consequently, even if the defendants' brief did contain improper evidence in support of a claim for attorneys' fees, the arbitrator's action in refusing to accept the plaintiffs' letter was not "action by which the rights of any party have been prejudiced" under General Statutes §52-418(a)(3).
The final objection made by the plaintiffs in their post-hearing letter CT Page 7782 to the arbitrator related to the defendants' submission of a one-page document summarizing the work hours expended in the construction of the plaintiffs' home. The plaintiffs claim that this document constituted new evidence to which the plaintiffs were given no opportunity to object. The defendants maintain that this document merely summarized data contained in documents already admitted in evidence during the hearing. Again, the plaintiffs have provided an inadequate record to allow the court to resolve this issue. Consequently, in accordance with the presumption in favor of the validity of arbitration awards, this court cannot grant the plaintiffs' motion on the ground that the arbitrator refused to consider the plaintiffs' post-hearing letter.
 NO MANIFEST DISREGARD OF THE LAW
The plaintiffs next contend that the arbitration award should be vacated because the arbitrator, in making the award, manifestly disregarded the law. The plaintiffs' argument arises from a contract provision under which the plaintiffs were required to pay the defendants the cost of all work plus seven percent.[6] Specifically, the plaintiffs argue that the arbitrator should not have awarded amounts expended by the defendants as overhead, because these amounts were not part of the defendants' "actual costs" mentioned in the contract. The plaintiffs further argue that the arbitrator incorrectly awarded amounts representing seven percent of the cost of materials that the plaintiffs purchased directly from vendors.
"[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418(a)(4) because the arbitrator has "exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' We emphasize, however, that the "manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotations marks omitted.) Saturn ConstructionCo. v. Premier Roofing Co., supra, 238 Conn. 304.
"So delimited, the principle of vacating an award because of a manifest disregard of the law is an important safeguard of the integrity of alternate dispute resolution mechanisms. Judicial approval of arbitration decisions that so egregiously depart from established law that they border on the irrational would undermine society's confidence in the legitimacy of the arbitration process. . . . Furthermore, although the discretion conferred on the arbitrator by the contracting parties is exceedingly broad, modern contract principles of good faith and fair dealing recognize that even contractual discretion must be exercised for CT Page 7783 purposes reasonably within the contemplation of the contracting parties." (Internal quotation marks omitted.) Id., 305.
Our Supreme Court has "adopted the test enunciated by the United States Court of Appeals for the Second Circuit in interpreting the federal equivalent of § 52-418(a)(4). . . . The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." Id.
The three-part test adopted by the Supreme Court must be applied to the plaintiffs' present claim that the arbitrator manifestly disregarded the law by allowing the defendants to recover overhead and seven percent of the cost of materials purchased directly from vendors by the plaintiffs. The plaintiffs have failed, however, to satisfy any of the three elements.
Despite the plaintiffs' insistence that the arbitrator's error was obvious, they have failed to cite a single authority in which it has been held that "actual costs" do not include overhead as a matter of law. They have also failed to cite to any principle of contract law or contract interpretation which would render erroneous the arbitrator's awarding of damages for the lost seven percent profit on materials which the plaintiffs chose to purchase directly from vendors rather than from the defendants. By neglecting to provide any authority in support of their claim, the plaintiffs have failed to satisfy the first and third elements of the "manifest disregard" test. Furthermore, the plaintiffs have failed to provide any basis for the court to conclude that the arbitrator was aware of any such controlling law and disregarded it. The motion to vacate cannot be granted on the basis of manifest disregard of the law.
 AWARD NOT CONTRARY TO THE SUBMISSION
The plaintiffs' final argument in support of their motion to vacate is that the arbitrator's award is contrary to the parties' submission. In support of this argument, the plaintiff again argues that the arbitrator failed to correctly interpret the contract and ignored certain contract provisions. As such, this argument is nothing more than a restatement of the plaintiffs' "manifest disregard" argument. Furthermore, "in determining whether an arbitrator has exceeded his authority or CT Page 7784 improperly executed the same under § 52-418(a), the courts need only examine the submission and the award to determine whether the award conforms to the submission." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 186, 530 A.2d 171 (1987). As stated above, the parties' submission to the arbitrator consisted of the defendants' claim that the plaintiffs owed them approximately $27,000 plus seven percent, and the plaintiffs' counterclaims for alleged overcharging and other wrongdoing by the defendants. The arbitrator awarded the defendants $30,148.01. The award therefore conforms to the submission and the motion to vacate cannot be granted on this ground.
 PLAINTIFFS' ALTERNATE MOTION TO MODIFY AWARD
The plaintiffs have also moved in the alternative to have the arbitration award modified pursuant to Federal Statutes § 52-419, by subtracting the amounts constituting overhead, seven percent profit on materials, and "all amounts included in the award that comprise monies not representing `actual costs' and/or not supported by documentation." As this motion is premised on the same grounds already rejected by the court with regard to the motion to vacate, the "motion to modify" must be denied. Because the motions to vacate and to modify the arbitration award are denied, the defendants' motion to confirm the award is granted pursuant to General Statutes § 52-417.
 ATTORNEYS' FEES AND POST-AWARD INTEREST
The defendants have requested that the court award them attorneys' fees. While the defendants acknowledge that the arbitrator awarded no attorneys' fees, they argue that they are entitled to post-award attorneys' fees pursuant to Article XIII of the construction contract, which provides in part that "[w]henever a party under this Agreement is entitled to damages, he shall also be entitled to his reasonable costs and expenses, including reasonable attorneys' fees."
"The general rule of law known as the "American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Citations omitted; internal quotation marks omitted.)Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 72-73, 689 A.2d 1097 (1997). Here, the arbitrator determined that the defendants were not entitled to collect attorneys' fees. It is not clear to the court that Article XIII of the contract was intended to provide for attorneys' fees incurred in conjunction with a motion to vacate or a motion to confirm an arbitration CT Page 7785 award. Consequently, the court declines to award attorneys' fees.
The defendants have also requested an award of interest running from the time of the arbitration award. The arbitrator awarded simple ten percent interest up to the date of the arbitration award. "We have . . . decided that a trial court has discretion, under General Statutes §37-3a,[7] to award prejudgment interest on an arbitration award retroactively to some date prior to the date of the trial court's judgment affirming the award. . . . Implicit in that determination is the conclusion that the prior date may be the date of the arbitration award. We also reasserted the well established propositions that § 37-3a
provides for interest on money detained after it becomes due and payable, that the question under that statute is whether the money was wrongfully withheld, and that the ultimate determination is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." (Citations omitted; internal quotation marks omitted.) Chmielewski v. Aetna Casualty Surety Co.,218 Conn. 646, 675-76, 591 A.2d 101 (1991).
In the present case, the arbitrator has already included interest in the arbitration award, and in so doing implicitly determined that the money was wrongfully withheld. The court sees no reason to conclude that interest should not also be awarded for the time period after the arbitration award. Therefore, the court awards simple ten percent interest, on the pre-interest award of $27,407.28.
 CONCLUSION
For the reasons stated above, the plaintiffs' motions to vacate and to modify the arbitration award are denied. Consequently, the defendants' motion to confirm the arbitration award is hereby granted. The arbitration award in the defendants' favor in the amount of $30,148.01 is confirmed. Furthermore, the defendants are entitled to simple ten percent interest on the pre-interest amount of $27,407.28, running from the date of the arbitration award. The defendants' request for attorneys' fees is denied.
D. Michael Hurley, Judge Trial Referee