## SACRED HEART TEACHERS' ASSOCIATION ET AL.
## v. SACRED HEART HIGH SCHOOL
## CORPORATION ET AL.
## (AC 20515)

Foti, Dranginis and Dupont, Js.

Argued March 27—officially released August 21, 2001

*Kathleen D. Stingle*, for the appellants (plaintiffs).

*Jeffrey C. Pingpank*, with whom was *Lorinda S. Coon*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiffs, Sacred Heart Teachers' Association and Greater Hartford Catholic Education Association (union), appeal from the judgment of the trial court vacating an arbitration award in favor of the union. The dispute at issue arises out of the decision by the defendant Sacred Heart High School Corporation (school) not to renew the employment of Cynthia Lombardo[1] as a full-time guidance counselor at Sacred Heart High School in Waterbury. On appeal, the union claims that the court improperly (1) found that under the collective bargaining agreement, the nonrenewal of a probationary employee was not arbitrable and vacated the

---

[1] Lombardo is a member of the union.

arbitration award pursuant to General Statutes § 52-418 (a) (4),[2] and (2) found that the arbitrator's award did not conform to the submission and could not be confirmed. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. In the fall of 1996, Lombardo was hired by the school as a guidance counselor, and given probationary status pursuant to the collective bargaining agreement between the union and the defendant Office of Catholic Schools of the Archdiocese of Hartford (Archdiocese). Lombardo also entered into an individual contract, called an initial contract, with the school. Lombardo's contract was renewed for the 1997-1998 school year. Due to budgetary problems, the school eliminated a guidance counselor position effective for the 1998-1999 school year.[3] Lombardo, as the most junior member of the guidance staff, was laid off. On February 27, 1998, she was notified by letter that her

[2] General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[3] The nonrenewal of Lombardo's employment and that of others by the school was precipitated by budgetary considerations, but was made in light of new hires, the creation of new, full-time positions and the addition of newly created courses to provide full-time employment for teachers whose status otherwise would have been reduced to part time. At the arbitration hearing, the school presented evidence that there had been a series of net losses in preceding years such that its cumulative debt was more than $500,000 and that 85 percent of its budget was personnel expenditure.

contract would not be renewed for the 1998-1999 school year.[4]

On May 2, 1998, the union filed a grievance, claiming that Lombardo's termination violated the seniority provision set forth in Policy I, an addendum to the collective bargaining agreement. The grievance was processed in accordance with the grievance provision of the collective bargaining agreement. The grievance went first to the principal, who denied it, and then to the superintendent of schools, who also denied the grievance. In that situation, the agreement calls for a meeting to be held. The union did not demand that a meeting be held but, rather, proceeded to arbitration.

At the February 18, 1999 arbitration hearing, the Archdiocese initially challenged the arbitrability of the grievance. On April 7, 1999, the arbitrator rendered an award indicating that the matter was arbitrable, and a hearing on the merits followed. The arbitrator found that the school had misapplied Policy I with respect to Lombardo. In addition, the arbitrator ordered Lombardo's reinstatement to her former position, and payment of any salary and benefits she had lost that resulted from the nonrenewal of the contract.

The union thereafter filed an application with the court to confirm the arbitration award pursuant to General Statutes § 52-417. The Archdiocese, in turn, filed a motion to vacate the award. On January 27, 2000, the court denied the application to confirm the arbitration award and granted the motion to vacate the award. This appeal followed.

The union claims that the court improperly found that under the collective bargaining agreement, the non-

---

[4] The letter to Lombardo stated in relevant part: "Under the proposed budget for the school year 1998-99 your present Guidance position is being eliminated, and you will not be offered a contract for the 1998/99 school year."

renewal of a probationary employee's contract was not arbitrable and vacated the arbitration award pursuant to § 52-418 (a) (4). We disagree.

"Whether a particular dispute is arbitrable is typically a question for the court. . . . It is well established [however] that arbitration is a matter of contract and that parties may agree to have questions concerning the arbitrability of their disputes decided by a separate arbitrator. . . . In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitrators. . . . The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration . . . ." (Internal quotation marks omitted.) *Wallingford* v. *Wallingford Police Union Local 1570*, 45 Conn. App. 432, 436, 696 A.2d 1030 (1997).

In the present case, the plain language of the collective bargaining agreement and Lombardo's initial contract provides that the termination or nonrenewal of probationary employees is not subject to grievance and arbitration procedures. Lombardo was a probationary employee, employed under the teacher's initial contract and subject to the collective bargaining agreement, and her contract was not renewed. The court, in determining whether the dispute over the decision not to renew Lombardo's contract was arbitrable, examined the language of both the agreement and the contract. The court noted the following language from article VI, § A.2, of the collective bargaining agreement, addressing the rights of a nontenured teacher: "During the period of a Teacher's Initial Contract, his employment shall be probationary and the Principal shall have the right to terminate such employment for sufficient reason at any

time . . . . The teacher, however, shall have the right to appeal his dismissal or the non-renewal of his contract to the Superintendent . . . . The decision of the Superintendent shall be final and shall not be subject to the grievance and arbitration procedure of this Agreement or to other appeal."

The court also noted the following language from Lombardo's initial contract: "The teacher shall have the right to appeal such dismissal or the non-renewal of his contract to the Archdiocesan Superintendent of Schools ('Superintendent') by filing a written notice of appeal with the Superintendent within fifteen (15) days after notification of such dismissal or non-renewal is given to the teacher. The Superintendent will act upon such appeal within fifteen (15) days after receipt of the notice of appeal. The decision of the Superintendent shall be final and shall not be subject to the grievance procedure of the Agreement between the Office of Catholic Schools and the Association or to other appeal."

In *Metropolitan District Commission* v. *AFSCME, Council 4, Local 3713*, 35 Conn. App. 804, 811 n.6, 647 A.2d 755 (1994), this court recognized that an arbitrator cannot find a dispute arbitrable if language in the contract indicates that it is not. Furthermore, in *While* v. *Kampner*, 229 Conn. 465, 641 A.2d 1381 (1994), our Supreme Court stated: "We initially note that, because we favor arbitration, we will defer to this alternative method of dispute resolution if the contractual arbitration provisions fall within the grey area of arbitrability, employing the 'positive assurance' test as set out in *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960). Under this test, judicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance . . . . An order to arbitrate the particular grievance

should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (Internal quotation marks omitted.) *White* v. *Kampner*, supra, 472–73.

We conclude that the relevant sections of the collective bargaining agreement and Lombardo's initial contract could not reasonably have been given any other interpretation than to exclude the nonrenewal of probationary employees' contracts from arbitration. We agree with the well reasoned analysis of the court in its ruling that "[i]n the instant case the arbitrator was only authorized to decide if the school misinterpreted or misapplied the provisions of Policy I of the agreement. . . . In article VI, § A.2, of the agreement the nonrenewal of the contract of a probationary teacher such as Ms. Lombardo may be appealed to the superintendent. . . . [The agreement] makes [it] quite clear that there is no arbitration permitted for Ms. Lombardo under Policy I. In addition, the teacher's initial contract . . . says that it may be terminated by the school acting through the principal for sufficient reason at any time. There is a right of appeal to the superintendent, whose decision shall be final and shall not be subject to the grievance procedure of the agreement. . . . In examining any contract, the court must determine the intent of the parties. The parties here had no intent to arbitrate this issue." We therefore agree with the court that the arbitrator's award should be vacated on that ground.[5]

The judgment is affirmed.

---

[5] We will not review the plaintiff's second claim that the court improperly found that the arbitration award exceeded the scope of the submission because the first issue is dispositive of the appeal.